## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **EUGENE SCALIA,** | : |
| SECRETARY OF LABOR, | : |
| U.S. DEPARTMENT OF LABOR, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : Case No. 1:20-cv-660 |
| **MICHAEL OLSZEWSKI, AREA WIDE REALTY** | : |
| **CORPORATION, AREA WIDE REALTY** | : |
| **CORPORATION CASH BALANCE PENSION PLAN** | : |
| **AND TRUST, AREA WIDE REALTY** | : |
| **CORPORATION PROFIT SHARING PLAN AND** | : |
| **TRUST,** | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor

("Secretary"), alleges:

### JURISDICTION AND VENUE

**1.** This cause of action arises under the Employee Retirement Income Security Act

of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary

under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices

which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of

fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief

as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2.      This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.      Area Wide Realty Corporation established the Area Wide Realty Corporation Cash Balance Pension Plan and Trust ("Cash Balance Plan") on January 1, 2004 to provide retirement benefits to eligible employees.

4.      The Cash Balance Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5.      Area Wide Realty Corporation established the Area Wide Realty Corporation Profit Sharing Plan and Trust ("Profit Sharing Plan") on January 1, 2002 to provide retirement benefits to eligible employees.

6.      The Profit Sharing Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

7.      Venue of this action lies in the Northern District of Illinois, Eastern Division, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in Cicero, Cook County, Illinois.

**DEFENDANTS**

8.       The Cash Balance and Profit Sharing Plans (collectively, "Plans") are named as defendants herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

9.      From at least January 1, 1999 to the present, Michael Olszewski ("Olszewski") was the sole owner and President of Area Wide Realty Corporation ("Area Wide").

10.     Since 2004 in regard to the Cash Balance Plan and since 2002 in regard to the Profit Sharing Plan, Olszewski was the Trustee of the Plans; had discretionary authority and exercised authority and control over the disposition of the Plans' assets; was a fiduciary to the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plans within the meaning of ERISA § 3(14)(A), (E) and (H); 29 U.S.C. § 1002(14)(A), (E) and (H).

11.     Since 2004 in regard to the Cash Balance Plan and since 2002 in regard to the Profit Sharing Plan, Area Wide was the Plans' sponsor; employer of the Plans' participants; the Plans' Administrator; exercised authority and control over the disposition of the Plans' assets; was a fiduciary to the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plans within the meaning of ERISA § 3(14)(A) and (C); 29 U.S.C. § 1002(14)(A) and (C).

## COUNT I

### Transfer of Plan Assets to Fiduciaries and Parties-In-Interest (2017 Transfer)

12.     Paragraphs 1 through 11 above are re-alleged and incorporated herein by reference.

13.     On March 29, 2017, Olszewski transferred $79,649.50 of the Profit Sharing Plan's assets to Area Wide.

14.     On April 6, 2017, Olszewski transferred $79,649.49 of the Cash Balance Plan's assets to Area Wide.

15.     Subsequently, on April 17, 2017, Olszewski wrote a check from a corporate account of Area Wide to Vanguard in the amount of $159,298.99.  Olszewski then deposited the

check into a Vanguard Mutual Fund Money Market account titled in the names of Michael and Tamara Olszewski in joint tenancy with rights of survivorship in this exact same amount on April 20, 2017.

16.     As Trustee to the Plans, Defendant Olszewski failed to ensure the Plans' assets remained in the Plans.

17.     Defendants Olszewski and Area Wide used the Plans' assets to pay non-Plan expenses.

18.     Based on the facts described in paragraphs 12 through 17 above, Olszewski and Area Wide:

a.     failed to hold all plan assets in trust in violation of ERISA §403(a), 29 U.S.C. §1103(a);

b.     permitted the Plans' assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

c.     failed to act solely in the interest of plan participants and their beneficiaries and for the exclusive purpose of providing benefits to plan participants and their beneficiaries and defraying reasonable expenses of the plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

d.     failed to discharge their duties in accordance with the care, skill, prudence and diligence of a prudent man acting in a like capacity and familiar with such matters in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

e.     failed to follow the terms of the Plans' governing documents in violation of

ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D);

        f.     caused the Plans to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party-in-interest, of any assets of the Plans, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

        g.     dealt with assets of the Plans in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

        h.     acted on behalf of a party whose interests are adverse to the interests of the Plans or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. § 1106(b)(2).

    **19.**    As a direct and proximate result of Defendants Olszewski and Area Wide's fiduciary breaches, the Plans suffered injury and losses for which Defendants Olszewski and Area Wide are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT II

### Transfers of Plan Assets to Fiduciaries and Parties-In-Interest -2011 Transfers – constituting Fraud or Concealment

    **20.**    Paragraphs 1 through 11 above are re-alleged and incorporated herein by reference.

    **21.**    The Cash Balance Plan had $263,033.55 on March 1, 2011.

    **22.**    In the Spring of 2011, the Cash Balance Plan's Trustee, Olszewski, transferred all of the Cash Balance Plan's assets to an individual retirement account and to an annuity policy to benefit himself.

23.     In transferring the Cash Balance Plan's assets, Olszewski, on March 7, 2011 transferred $200,000 to MetLife to open an individual retirement account in his name.  This transfer was completed on March 29, 2011.

24.     On March 31, 2011, MetLife issued an individual retirement account, listing Olszewski as the owner.

25.     On April 1, 2011, the Cash Balance Plan held more than $63,000 in plan assets.

26.     On April 20, 2011, Olszewski transferred the more than $63,000 in plan assets from the Cash Balance Plan to Guardian to purchase an annuity in his own name.

27.     On April 25, 2011, Guardian issued an annuity policy with an initial premium of $212,285.12 (only part of the premium came from the Cash Balance Plan, the remainder came from the Profit Sharing Plan, *see* below), owned by Olszewski with the named beneficiary, Tamara Olszewski, his wife.

28.     On March 1, 2011, the Profit Sharing Plan had $546,155.13 in assets.

29.     With respect to the Profit Sharing Plan, Olszewski transferred all of the Profit Sharing Plan's assets into annuity policies for his own benefit.

30.     On March 7, 2011, Olszewski transferred $400,000 of the Profit Sharing Plan's assets to Transamerica to purchase an annuity policy in his own name and named his wife, Tamara Olszewski, as the beneficiary.

31.     On April 20, 2011, Olszewski transferred $148,121.70 of the Profit Sharing Plan's assets to Guardian to purchase an annuity in his own name.

32.     On April 25, 2011, Guardian issued an annuity policy with an initial premium of $212,285.12, owned by Olszewski with the named beneficiary, Tamara Olszewski, his wife. Only part of the premium came from the Profit Sharing Plan, the remainder came from the Cash

Balance Plan (*see* above).

33.     The fiduciaries returned the principal amount they received from the Plans in 2011 to the Plans after the U.S. Department of Labor, Employee Benefits Security Administration ("EBSA"), opened its investigation on February 22, 2016.

34.     On February 25, 2016, Olszewski deposited $545,426.71 into a BMO Harris Bank Account on behalf of the Profit Sharing Plan.

35.     On March 11, 2016, Olszewski deposited $306,752.00 into a BMO Harris Bank Account on behalf of the Cash Balance Plan.[1]

36.     To date $2,694.99 in principal remains outstanding in addition to an additional amount of lost opportunity costs with regard to both Plans.

37.     As a result of Olszewski's transfer of all of the Cash Balance Plan's assets and Profit Sharing Plan's assets to benefit himself, the Plans had no assets between Spring 2011 and 2016 when the principal was returned to the Plans.

38.     Form 5500-SF, Annual Report of Small Employee Benefit Plan, filed with the U.S. Department of Labor for plan year January 1, 2012 through December 31, 2012, listed assets in the Cash Balance Plan.  The 2012 Form 5500 listed $289,082 in assets at the beginning of the year and $310,898 at the end of the year in regard to the Cash Balance Plan.

39.     Form 5500-SF, Annual Report of Small Employee Benefit Plan, filed with the U.S. Department of Labor for plan year January 1, 2012 through December 31, 2012, listed assets in the Profit Sharing Plan.  The 2012 Form 5500 listed $525,204 in assets at the beginning of the year and $548,713 at the end of the year in regard to the Profit Sharing Plan.

---

[1]  These accounts were originally in the name of Area Wide Realty Corp., but in 2017, Olszewski deposited the assets into a BMO Wealth Management Account in the name of the respective Plans.

40.     Form 5500-SF, Annual Report of Small Employee Benefit Plan, filed with the U.S. Department of Labor for plan year January 1, 2013 through December 31, 2013, listed assets in the Cash Balance Plan.  The 2013 Form 5500 listed $310,898 in assets at the beginning of the year and $306,752 at the end of the year in regard to the Cash Balance Plan.

41.     Form 5500-SF, Annual Report of Small Employee Benefit Plan, filed with the U.S. Department of Labor for plan year January 1, 2013 through December 31, 2013, listed assets in the Profit Sharing Plan.  The 2013 Form 5500 listed $548,713 in assets at the beginning of the year and $543,685 at the end of the year in regard to the Profit Sharing Plan.

42.     Defendant Olszewski was aware there were no assets in either plan because he, himself, transferred those assets out of the Plans to himself.  Defendant Olszewski signed the 2012 Form 5500s for both plans on October 15, 2013.  He signed the 2013 Form 5500s for both plans on October 15, 2014.

43.     Defendants Olszewski and Area Wide engaged in fraud or concealment by misstating on two successive annual Form 5500s that the Plans contained assets and thereby concealed the fact that there were no funds in the Plans.  Defendant Olszewski and Area Wide's conduct led the participants and the U.S. Department of Labor to believe there were funds in the Plans and their actions hindered the discovery of a breach of fiduciary duty.  By issuing misleading Form 5500s with the U.S. Department of Labor during 2012 and 2013, the fiduciaries concealed their fiduciary breaches.

44.     As a result of Defendants Olszewski's and Area Wide's misstatements on the Form 5500 defendants conduct constituted fraud or concealment as that term is used in ERISA §413(a), 29 U.S.C. §1113(a).

45.     Based on the facts described in paragraphs 20 through 44 above, Olszewski and

8

Area Wide:

       a.     failed to hold all plan assets in trust in violation of ERISA §403(a), 29 U.S.C. §1103(a);

       b.     permitted the Plans' assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

       c.     failed to act solely in the interest of plan participants and their beneficiaries and for the exclusive purpose of providing benefits to plan participants and their beneficiaries and defraying reasonable expenses of the plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

       d.     failed to discharge their duties in accordance with the care, skill, prudence and diligence of a prudent man acting in a like capacity and familiar with such matters in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

       e.     failed to follow the terms of the Plans' governing documents in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D);

       f.     caused the Plan to engage in transactions which they knew or should have known constituted a lending of money or an extension of credit between the Plan and a party-in-interest in violation of ERISA § 406(a)(1)(B), 29 U.S.C. §1106(a)(1)(B);

       g.     caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party-in-interest, of any assets of the Plans, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

h.      dealt with assets of the Plans in their own interest in violation of ERISA §

406(b)(1), 29 U.S.C. § 1106(b)(1); and

i.      acted on behalf of a party whose interests are adverse to the interests of the

Plans or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29

U.S.C. § 1106(b)(2).

46.     As a direct and proximate result of Defendants Olszewski's and Area Wide's

fiduciary breaches, the Plans suffered injury and losses for which Defendants Olszewski and

Area Wide are personally liable and subject to appropriate equitable relief, pursuant to ERISA §

409, 29 U.S.C. § 1109.

## COUNT III

### <u>Failure to Maintain a Fidelity Bond</u>

47.     Paragraphs 1 through 11 above are re-alleged and incorporated herein by

reference.

48.     ERISA Sections 412(a) and 412(b) require the fiduciaries to maintain a bond,

pursuant to 29 U.S.C. §1112.

49.     Here, the fidelity bond coverage lapsed on September 28, 2015 due to the non-

payment of premiums.

50.     The Plans had obtained a fidelity bond through Travelers Casualty and Surety

Company of America effective May 1, 2015, but the fidelity bond lapsed several months later in

September.

51.     There is no evidence that the Plans' fiduciaries ever had another bond.

52.     Based on the facts described in paragraphs 47 through 51 above, Olszewski and

Area Wide failed to assure every fiduciary of the Plan and every person who handles funds or

other property of the Plan was bonded in violation of ERISA Section 412(a) and (b), 29 U.S.C.

Section 1112(a) and (b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Secretary prays for judgment:

A.     Permanently enjoining Defendants Michael Olszewski and Area Wide from violating the provisions of Title I of ERISA;

B.     Permanently enjoining Defendants Michael Olszewski and Area Wide from serving as a service provider or fiduciary to any ERISA-covered employee benefit plan;

C.     Ordering Defendants Michael Olszewski and Area Wide to restore all losses related to their fiduciary breaches;

D.     Ordering Defendants Michael Olszewski and Area Wide to correct the prohibited transactions in which they engaged;

E.     Requiring Defendants Michael Olszewski and Area Wide to disgorge all ill-gotten gains resulting from their violations of Title I of ERISA;

F.     Appointing an independent fiduciary to administer the Plan and safeguard the Plan's assets pursuant to the Plan's documents, the Internal Revenue Code, and ERISA;

G.     Awarding the Secretary the costs of this action; and

H.     Ordering such further relief as is appropriate and just.

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. ADDRESS:
Office of the Solicitor
230 South Dearborn St.
Room 844
Chicago, IL 60604
Tel. (312) 353-1168
Fax. (312) 353-5698
Villalobos.Barbara@dol.gov

*/s/ Barbara M. Villalobos*
**BARBARA M. VILLALOBOS**
Senior Trial Attorney
U.S. Department of Labor,
Attorneys for **EUGENE SCALIA**
Secretary of Labor